\*OHIO MUTUAL LIFE INSURANCE COMPANY V. MARIA HOFFMAN.

DISCREPANCIES BETWEEN APPLICATION FOR INSURANCE AND COPY WITH
POLICY PRECLUDE ADMISSION AS EVIDENCE OF DEFENSE.

Discrepancies in matters of substance between the original appli-
cation for life insurance and the copy of the application returned
with the policy appearing, they are properly excluded as evi-
dence of defense under Gen. Code 9389 (R. S. 3623).

ERROR to common pleas court.

*Peck, Shaffer & Peck,* for plaintiff in error.
*Joseph B. Kelley,* for defendant in error.

GIFFEN, P. J.

The only question here involved is whether the copies of
the application or other documents held by the insurer which
are intended in any manner to affect the force or validity of
the policies, are full and complete within the meaning of Gen.
Code 9389 (R. S. 3623).

In the original "report of the examining physician" for
policy No. 3856, under the heading "Family History":
Father died at age of "47"; specific cause of death, "Bright's
disease"; duration and character of fatal illness, "2 months";
previous health, "good."

In the copy attached to the policy the words "2 months,"
and "good" do not appear.

Under the heading "Father's father": Age 39—died of
cardiac paralysis; duration and character of fatal illness, "sud-
den," which latter word does not appear in the copy.

The original report is dated November 14, 1907; the copy
November 15, 1907.

---

\*Affirmed, no op., *Ohio Mut. L. Ins. Co.* v. *Hoffman,* 55 Bull. 423;
83 O. S. 000.

The original report contains the question to and answers. made by the medical examiner, while the copy does not.

In the "report of the examining physician" for policy No. 3858, are questions addressed to 'and answered by the physician which do not appear in the copy. In the copy are found the following questions: "Has your weight recently increased?" "How much?" Answer, "Neither"—none of which appears in the original. .

In the copy the father's previous health is stated as "good." No answer in original.

In the copy the age of living sister is given "57"; in the original "37."

These are all matters of substance, not only because the company has made them so by propounding the questions to the applicant and to the examining physician, but because the family history, the physical condition of the insured and examination by the physician are generally regarded as important by insurance companies. They do not directly affect the particular defense set forth in this case, but they might easily be the occasion of a controversy, to avoid which the statute was evidently passed. We deem it unnecessary to find that the discrepancies are material and would be a good defense to an action upon the policies, but only that they are of such a nature as would afford reasonable ground for such defense. There was therefore no error in excluding the documents in question as evidence and in directing a verdict for the plaintiff.

Judgment affirmed.

**Smith** and **Swing, JJ.,** concur.